Bernard R. Mazaheri
Mazaheri & Mazaheri
PO Box 656
Frankfort, Kentucky 40602
Arizona Bar Number 034891
Email - bernie@thelaborfirm.com
Tel – (502) 475-8201

Attorney for Plaintiff Shauana Banner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shauna Banner, | No. |
| Plaintiff, | |
| v. | Complaint & Jury Demand |
| Aledade, Inc., | |
| Defendant. | |

DATED this 4th day of March, 2024

/s/ *Bernard R. Mazaheri*
Bernard R. Mazaheri
Attorney for Plaintiff Banner

1. The Plaintiff, Shauna Banner, sues Defendant, Aledade, Inc., pursuant to the American Disabilities Act (ADA) as amended for discrimination and retaliation.

2. The Honorable Court has original jurisdiction over the action.

3. Venue is appropriate in this district because Plaintiff worked for Defendant in Maricopa County, Arizona.

4. Plaintiff resides in Goodyear, Arizona.

5. Defendant is a Delaware corporation.

6. Defendant has a principal place of business in Maryland.

7. Defendant has over 15 employees.

8. Defendant employs over 500 employees.

9. Plaintiff worked for Defendant from on or about March 8, 2021 through on or about October 13, 2021.

10. Plaintiff worked for Defendant remotely.

11. Defendant hired Plaintiff to be a 100% remote employee.

12. On or about April 1, 2012, Plaintiff was diagnosed with breast cancer.

13. Plaintiff had a lumpectomy in April 2012.

14. Plaintiff had a mastectomy on or about May 8, 2012.

15. Plaintiff was in chemotherapy from June 2012 through October 2012.

16. Plaintiff had reconstructive surgery on January 2, 2013.

17. Plaintiff had a second reconstructive surgery on May 23, 2013.

18. Plaintiff treated with Stephen Smith, M.D. from 1995 through 2021.

19. Plaintiff lived in the State of Washington until June 2021.

20. Plaintiff notified Defendant that she had a disability as defined by the ADAAA.

21. Annie Thomas was Plaintiff's manager.

22. Plaintiff notified Thomas as to her disability.

23. Plaintiff notified Thomas as to why she needed a reasonable accommodation.

24. Defendant is an *Accountable Care Organization*.

25. Defendant is in the business of healthcare.

26. Defendant chose to implement a mandatory vaccine policy for its employees for political reasons.

27. Defendant did not have a legitimate reason to demand that *remote* employees be vaccinated.

3

28. Nevertheless, Defendant demanded that *all* employees, including *remote* employees to be vaccinated in 2021.

29. Plaintiff notified Defendant that it was dangerous for her to take the vaccine because of her history of cancer.

30. Plaintiff notified Defendant that her doctor of over two decades advised against taking the vaccine.

31. Dr. Smith opined that Plaintiff was precluded from taking the Covid-19 vaccine.

32. Dr. Smith opined that it was not safe for Plaintiff to be vaccinated.

33. Defendant did not ask for additional information from Dr. Smith.

34. Plaintiff's request for a reasonable accommodation did not cause Defendant undue hardship.

35. Defendant was biased against medical doctors that opine that Covid-19 vaccines are unsafe.

36. Defendant did not have a legitimate non-discriminatory reason to question Dr. Smith.

37. Defendant disliked Plaintiff because she was unvaccinated.

38. Defendant disliked Plaintiff because she requested an accommodation to be excused from being vaccinated.

39. Defendant believes that everyone should be vaccinated.

40. Defendant is *pro-vaccine*.

41. Defendant operates in 45 states.

42. Defendant has 2.27 million patients.

43. Defendant has over 16,300 clinicians.

44. The Covid-19 vaccine was part of Defendant's persona.

45. Defendant questioned Dr. Smith, because Dr. Smith opined that the Covid-19 vaccine was unsafe.

46. Defendant discriminated against Plaintiff's physician.

47. Defendant violated the ADA by demanding that *all* employees be vaccinated.

48. Defendant violated the ADA by demanding that Plaintiff, a fully remote employee, be vaccinated.

49. Defendant violated the ADA by refusing the accept Plaintiff's reasonable accommodation.

50. Defendant violated the ADA by demanding a second opinion without first asking for additional information.

51. Defendant did not have a basis for additional information from Dr. Smith.

52. Defendant did not have a basis to demand a second opinion.

53. Plaintiff needed her income.

54. Cancer is expensive.

55. Plaintiff suffered for having cancer emotionally, physically and financially.

56. Defendant's personal and political views about vaccination clouded their judgment.

57. On or about September 22, 2021, Plaintiff provided Defendant a *Covid-19 Vaccination Exemption Request Form*.

58. On September 27, 2021, Defendant advised Plaintiff that it was rejecting her Covid-19 Vaccination Exemption.

59. Plaintiff needed her job.

60. Plaintiff wanted her job.

61. Plaintiff felt that she had to choose between financial security and physical security.

62. Plaintiff chose financial security.

63. At great risk and against medical advice, Plaintiff—a cancer survivor—took an experimental vaccine to appease her mega-medical employer.

64. On September 29, 2021, Plaintiff took the Janssen Covid-19 Vaccine.

65. The *Janssen* vaccine was one dose.

66. Plaintiff provided Defendant proof of her vaccine.

67. Defendant was biased against individuals that believed Covid-19 vaccines were dangerous.

68. Defendant discriminated and retaliated against Plaintiff in violation of the ADA Amendments Act.

69. Plaintiff filed a charge of discrimination with the EEOC on or before March 2, 2022.

70. Plaintiff's charge of discrimination was filed within 180 days of being discriminated and retaliated against.

71. The EEOC issued a notice of right to sue on or after December 7, 2023.

72. Plaintiff sues Defendant within 90 days of receiving a notice of right to sue.

73. Defendant acted in reckless disregard of the ADA Amendments Act in dealing with Plaintiff.

74. Defendant willfully violated the ADA Amendments Act.

75. Defendant was Plaintiff's employer.

76. Defendant forced Plaintiff to become vaccinated and then discharged her for asking for an accommodation.

**Count I - Discrimination**

77. Plaintiff reincorporates paragraphs 1 through 76 as if fully stated herein.

78. Defendant discriminated against Plaintiff because she has a disability as defined by the ADA Amendments Act.

79. But for Plaintiff having cancer, Plaintiff would not have requested an accommodation from Defendant's unlawful vaccine policy for remote workers.

80. Had Plaintiff not requested an accommodation, Defendant would not have discharged Plaintiff.

81. Plaintiff risked her health and defied her doctor of over two decades because of Defendant's unreasonable demand that she be vaccinated to keep her job even though she worked remotely.

82. Defendant should not have demanded that remote workers be vaccinated.

83. Defendant should not have denied Plaintiff's reasonable accommodation.

84. Defendant did not have a legitimate non-discriminatory reason to discharge Plaintiff.

85. Defendant does not follow its own EEO policy.

86. Defendant openly discriminated against anyone that held different views than it did regarding vaccination.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, front pay, compensatory damages, punitive damages, attorney's fees, costs and any other relief the Court deems just and appropriate.

**Count II - Retaliation**

87. Plaintiff reincorporates paragraphs 1 through 76 as if fully stated herein.

88. Plaintiff engaged in protected activity under the ADA Amendments Act.

89. Plaintiff believed that she had a right to an accommodation under the ADA and requested same.

90. Defendant knew that Plaintiff requested an accommodation.

91. Defendant knew or should have known that Plaintiff engaged in protected activity under the ADA Amendments Act.

92. Defendant retaliated against Plaintiff by rejecting her accommodation request.

93. Defendant retaliated against Plaintiff by dismissing Dr. Smith's medical opinion.

94. Defendant sent Plaintiff the September 27, 2021 email rejecting Dr. Smith in order to discourage Plaintiff from seeking an accommodation.

95. Defendant successfully forced Plaintiff to become vaccinated.

96. The vaccination was dangerous for Plaintiff, because she had cancer.

97. The vaccination was against medical advice.

98. Defendant discharged Plaintiff within 30 days of submitting an accommodation form request.

99. Defendant discharged Plaintiff because it found her request for an accommodation to be repulsive.

100. Defendant did not want to employ anyone that questioned the vaccine mandate supported by President Biden.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, front pay, compensatory damages, punitive damages, attorney's fees, costs and any other relief the Court deems just and appropriate.

Respectfully submitted this 4th day of March 2024,

/s/ *Bernard R. Mazaheri*
Bernard R. Mazaheri
Mazaheri & Mazaheri
P.O. Box 656
Frankfort, Kentucky 40602
Email - bernie@thelaborfirm.com
Tel – (502) 475-8201
*Attorney for Shauna Banner*